CLERK'S OFFICE  CO-932
UNITED STATES DISTRICT COURT  Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

☐ (a) relates to common property

☐ (b) involves common issues of fact

☐ (c) grows out of the same event or transaction

☐ (d) involves the validity or infringement of the same patent

☐ (e) is filed by the same pro se litigant

2. **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: ☒

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

4. CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

United States  v.  FDIC  C.A. No. **02-1427**

June 2, 2006              *Rosemary Stewart* (See other side)
DATE                       Signature of Plaintiff/Defendant (or counsel)

This new case is related to the recently dismissed *United States v. FDIC*, C.A. No. 02-1427 (EGS) because:

- In both cases, the defendant is the same FDIC Receivership for The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon.

- While the Benj. Franklin FS&LA shareholders were not technically parties to *U.S. v. FDIC*, C.A. 02-1427 (EGS), they had filed a motion to intervene that was allowed to lapse while settlement discussions proceeded with the active participation of the shareholders' counsel, including Don S. Willner, the sole trustee of the Benj. Franklin Shareholders Litigation Fund ("BFS Lit. Fund"), which is the plaintiff in the new case.

- At the Fairness Hearing conducted by Judge Sullivan on May 2, 2006, in *U.S. v. FDIC*, he heard statements by numerous Benj. Franklin FS&LA shareholders and by counsel for shareholders including Don S. Willner.

- The FDIC motion that preceded the May 2, 2006 Fairness Hearing and the Notice to Shareholders about the Fairness Hearing (approved by Judge Sullivan in March 2006) both disclosed the pendency of the receivership claim made by the BFS Lit. Fund for interest on the Lit. Fund's approximately $3 million principal. These documents noted that FDIC had previously agreed to pay the $3 million to the BFS Lit. Fund – if the receivership had sufficient funds to do so. This new case asks the Court to order FDIC to pay the same interest on the same $3 million.

- Judge Sullivan's order of May 2, 2006, which was entered at the conclusion of the Fairness Hearing in *U.S. v. FDIC* and which approved the tax settlement recommended by the parties, resulted in sufficient funds remaining in the Benj. Franklin FS&LA receivership to enable FDIC to pay the BFS Lit. Fund's claim for interest (as well as all other pending claims). Thus, the BFS Lit. Fund was a direct beneficiary of Judge Sullivan's order approving the settlement of *U.S. v. FDIC*, C.A. No. 02-1427, which resulted in that case's dismissal on May 16, 2006.

- As a result of the above, Judge Sullivan has knowledge of the background and the circumstances presented in the new case of *The Benj. Franklin Shareholders Litigation Fund v. FDIC, as Receiver for the Benj. Franklin FS&LA, Portland, Oregon.*