## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BENJ. FRANKLIN<br>SHAREHOLDERS LITIGATION FUND,<br>BY ITS SOLE TRUSTEE, DONS S.<br>WILLNER<br><br>           Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, AS RECEIVER FOR<br>THE BENJ. FRANKLIN FS&LA,<br>PORTLAND, OREGON<br>550 17TH STREET, NW<br>WASHINGTON, DC 20429<br><br>           Defendant. | Civil Case No. 06-01025 (EGS) |

**ANSWER OF DEFENDANT FDIC**

The Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), answers the Complaint of the Benj. Franklin Shareholders Litigation Fund (BFS Lit. Fund) as follows:

**Nature of This Case**

1.    FDIC-Receiver admits the averments of Paragraph 1 of the Complaint with respect to the statutory provision cited, with the qualification that the plaintiff was allowed to file a "claim" as an accommodation in conjunction with the settlement of outstanding lawsuits, in particular a related case in this Court. *See United States v. FDIC*, Civil Case No. 02-1427 (EGS) (D.D.C.); Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities (Feb. 3, 2006) and Exhibit A thereto, Notice To All Current

Shareholders Of Benj. Franklin Federal Savings & Loan Association. The foregoing qualification is incorporated by reference in each Paragraph of the Answer.

2. FDIC-Receiver admits the averments of Paragraph 2 of the Complaint with respect to the fact and amount of the claim. Exhibit A appears to be a copy of the original proof of claim submitted by the BFS Lit. Fund.

3. FDIC-Receiver partially admits and partially denies the averments of Paragraph 3 of the Complaint. FDIC-Receiver admits that counsel for the BFS Lit. Fund sent the referenced letters but denies the correctness of the conclusions made in the letters that the BFS Lit. Fund is entitled to interest. Exhibit B appears to comprise copies of the June 2, 2005, and January 4, 2006, letters referenced.

4. FDIC-Receiver admits the averment of Paragraph 4 of the Complaint that the BFS Lit. Fund trustee timely responded to requests by the FDIC-Receiver for additional documentation.

5. FDIC-Receiver admits the averment of Paragraph 5 of the Complaint that the FDIC-Receiver acknowledged the BFS Lit. Fund's claim. Exhibit C appears to be a copy of the FDIC-Receiver's letter dated February 22, 2005.

6. FDIC-Receiver admits the averment of Paragraph 6 of the Complaint that the FDIC-Receiver allowed BFS Lit. Fund's claim in the amount of $3,067,159.77. Exhibit D appears to be a copy of the FDIC-Receiver's letter dated May 24, 2006.

7. The FDIC-Receiver assumes the truth of the averment of Paragraph 7 of the Complaint that the BFS Lit. Fund trustee received $3,067,159.77 from the FDIC-Receiver on May 31, 2006. The FDIC-Receiver is without sufficient knowledge or information to form a

belief as to the truth of the averment that the trustee is in the process of distributing the money back to the shareholders who contributed to the fund.

8. FDIC-Receiver partially admits and partially denies the averments of Paragraph 8 of the Complaint. FDIC-Receiver admits the averment that it disallowed the interest portion of the BFS Lit. Fund's claim in a letter dated May 11, 2006 and that Exhibit E appears to be a copy of that letter. FDIC-Receiver denies that the BFS Lit. Fund is entitled to the interest relief requested and leaves the BFS Lit. Fund to its proof on the issue. The averment indicating the nature of this action does not require an answer.

## Jurisdiction

9. FDIC-Receiver admits that the Court has jurisdiction to review the FDIC-Receiver's disallowance of the interest portion of the BFS Lit. Fund's proof of claim, pursuant to 12 U.S.C. § 1821(d)(6).

10. FDIC-Receiver admits that venue is proper under 12 U.S.C. § 1821(d)(6).

## The Parties

11. FDIC-Receiver assumes the truth of the averments of Paragraph 11 of the Complaint that the BFS Lit. Fund is a trust established in the State of Oregon, that Don S. Willner is the sole trustee, and that Mr. Willner practices law in Portland, Oregon, and Trout Lake, Washington.

12. FDIC-Receiver assumes the truth of the averments of Paragraph 12 of the Complaint that the BFS Lit. Fund was created in 1990 and that it collected contributions from shareholders of Benj. Franklin FS&LA to fund litigation on behalf of Benj. Franklin FS&LA and its shareholders.

13.     FDIC-Receiver assumes the truth of the averments of Paragraph 13 of the Complaint that approximately 4,200 shareholders of Benj. Franklin FS&LA contributed money to the BFS Lit. Fund starting in 1990 and that by December 2004 a little over $3 million had been contributed to the fund.  However, FDIC-Receiver denies any related conclusion or implication that the BFS Lit. Fund is entitled to interest.

14.     For its answer to the averments of Paragraph 14 of the Complaint, the FDIC-Receiver submits the following:  The Federal Deposit Insurance Corporation was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities.  *See* 12 U.S.C. § 1819; 12 U.S.C. §§ 1821(a) and (c); and 12 U.S.C. § 1823(d)(3).  In this action, the FDIC-Receiver is being sued in its capacity as Receiver for Benj. Franklin FS&LA, as statutory successor to the Resolution Trust Corporation (RTC), as Receiver for Benj. Franklin FS&LA, as provided by 12 U.S.C. § 1441a(m)(1).

**Additional Pertinent Facts**

15.     FDIC-Receiver admits the averment of Paragraph 15 of the Complaint that the FDIC advised this Court in the related action of *United States v. FDIC*, No. 02-1427 (EGS) that the receivership surplus was approximately $94 million.

16.     FDIC-Receiver admits the averments of Paragraph 16 of the Complaint that on May 2, 2006, this Court approved the settlement of the alleged tax liability of the Benj. Franklin FS & LA receivership for a payment of $50 million to the IRS and that the FDIC-Receiver paid the IRS, leaving a receivership surplus of approximately $44 million.

17.     For its answer to the averments of Paragraph 17 of the Complaint, FDIC-Receiver submits the following:  12 C.F.R. § 360.3 governs the order of priority for the distribution of receivership assets.  When Benj. Franklin FS&LA was placed in receivership on September 7,

1990, the applicable regulation was numbered 12 C.F.R. § 389.11 (1990). Section 389.11 was redesignated and renumbered as § 360.2 in November 1990. *See* 55 *Fed. Reg.* 46497 (Nov. 5, 1990). Section 360.2 in turn was redesignated and renumbered as § 360.3 in August 1993 – *See* 58 *Fed. Reg.* 43070 (Aug. 10, 1993) – and appears in the current Code of Federal Regulations as 12 C.F.R. § 360.3. The regulation establishes the order of priority for the distribution of *all* unsecured claims against the receivership, not just the claims of shareholders, as implied by the averments of Paragraph 17 of the Complaint. Moreover, the regulation provides that shareholders are paid only after all other claims against the receivership are paid in full in accordance with its provisions, whether there is a receivership surplus or not.

   18. For its answer to the averments of Paragraph 18 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver denies the averments of Paragraph 18 insofar as the averments conclude, contend, or imply that the BFS Lit. Fund is entitled to interest. FDIC-Receiver believes that the surplus is sufficient to pay all remaining allowed claims but cannot state with certainty what amount will be distributed to all shareholders because of the BFS Lit. Fund's claim for $1.5 million to $3 million in interest in this action, as well as the claims for fee enhancements requested in the following three related actions filed in this Court: 1) *Winston & Strawn v. FDIC*, No. 1:06CV01120, in which the plaintiff law firm seeks to recover $574,938 from the surplus in addition to the $590,270 it has already received from various shareholders and FDIC-Receiver; and 2) *Willner & Associates v. FDIC*, No. 1:06CV01227, in which the plaintiff law firm seeks to recover $782,110 from the surplus in addition to the $101,794 it has already received from various shareholders and the FDIC-Receiver; and 3) *Blackwell Sanders Peper Martin, LLP, and Ernest M. Fleischer v. FDIC*, No. 1:06CV01273, in which the plaintiffs

5

seek to recover an estimated $2 million from the surplus in addition to the $89,465 that Mr. Fleischer has already received from the FDIC-Receiver.

## The Amount of Interest Claimed

19.     FDIC-Receiver admits the averment of Paragraph 19 of the Complaint that in informal discussions between counsel to the BFS Lit. Fund and FDIC staff that the parties understood that *if* the FDIC-Receiver approved the payment of interest it would be calculated using the FDIC's reported liquidation rates of return and that FDIC-Receiver would provide the rates to the BFS Lit. Fund.  FDIC-Receiver denies the averments of Paragraph 19 insofar as they conclude, contend, or imply that the FDIC-Receiver agreed that the BFS Lit. Fund was entitled to interest.

20.     FDIC-Receiver admits the averment of Paragraph 20 of the Complaint that subsequent research and discussion between counsel to the BFS Lit. Fund and FDIC staff disclosed that (if the FDIC-Receiver approved the payment of interest) interest should be calculated and paid at the same rates paid on 90-day U.S. Treasury bills, as adjusted monthly. FDIC-Receiver admits that a similar rate of interest is applied to proven post-insolvency claims for receiverships established after 2002, as provided by 12 C.F.R. § 360.7.  FDIC-Receiver denies the averments of Paragraph 20 insofar as the averments conclude, contend, or imply that the FDIC-Receiver agreed that the BFS Lit. Fund was entitled to interest.

21.     FDIC-Receiver admits the averment of Paragraph 21 of the Complaint insofar as it states that the FDIC-Receiver disagrees with the BFS Lit. Fund that any interest is due.  FDIC-Receiver denies the implication in Paragraph 21 of the Complaint that the FDIC-Receiver at one time agreed with the BFS Lit. Fund that interest was due.

### First Cause of Action Against FDIC-Receiver

22.     FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1-21 of the Complaint.

23.     FDIC-Receiver admits that it is obliged to pay all properly filed claims against the receivership that are proven to the satisfaction of the receiver in accordance with applicable law and to the extent funds are available to do so but denies that it is obligated to pay interest to the BFS Lit. Fund or that it wrongfully declined to pay interest to the BFS Lit. Fund.

24.     FDIC-Receiver denies that the reason it disallowed the interest portion of the BFS Lit. Fund's proof of claim was because of a technical and strained interpretation of the applicable receivership regulation.

### Second Cause of Action Against FDIC-Receiver

25.     FDIC-Receiver repeats and incorporates each Answer to Paragraphs 1-24 of the Complaint.

26.     FDIC-Receiver denies that the FDIC-Receiver's disallowance of interest was unfair and inequitable because:

   a. Under applicable law, the disallowance of interest does not result in preferential treatment to the shareholders who did not fund the litigation on behalf of Benj. Franklin FS&LA;

   b. Under applicable law, the disallowance of interest to the contributing shareholders does not penalize or deny them the benefit of their contributed funds; and

   c. Under applicable law, the FDIC-Receiver's payment of $3 million to the BFS Lit. Fund to reimburse the fund for reasonable attorney's fees as an accommodation

between the parties in conjunction with the settlement of *United States v. FDIC*, No. 02-1427 (EGS) is more than adequate reimbursement.

## Requests for Relief

(a) FDIC-Receiver denies that the BFS Lit. Fund is entitled to an order requiring the FDIC-Receiver to calculate and pay interest on the $3,067,159.77 principal amount contributed to the BFS Lit. Fund;

(b) FDIC-Receiver denies that the BFS Lit. Fund is entitled to an order directing the FDIC-Receiver to calculate interest as requested;

(c) FDIC-Receiver denies that the BFS Lit. Fund is entitled to attorney's fees, costs, and expenses related to the filing of its proof of claim with the FDIC-Receiver or for bringing and maintaining this action;

(d) FDIC-Receiver denies that the BFS Lit. Fund is entitled to estimated expenses to distribute any awarded interest to the individual shareholder contributors.

## Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. The FDIC-Receiver paid the BFS Lit. Fund fair and reasonable compensation of $3 million and has thus satisfied any obligation it otherwise may have had to the BFS Lit. Fund.

3. The Requests for Relief are barred by applicable receivership law. Specifically, 12 C.F.R. § 360.3 (2006) (applicable to receiverships established before August 10, 1993) allows interest only on withdrawable accounts and other claims that have accrued and become unconditionally fixed as of the date the receivership is established. The allowed portion of the BFS Lit. Fund's proof of claim is tantamount to an administrative expense of the FDIC-Receiver that is not entitled to interest, by the express terms of 12 C.F.R. § 360.3.

4.	Under prevailing common law principles, the BFS Lit. Fund is not entitled to interest on the $3 million paid to the BFS Lit. Fund for attorney's fees and expenses.

5.	The BFS Lit. Fund is estopped from recovering interest on the $3 million paid by the FDIC-Receiver to the BFS Lit. Fund for purposes of making a distribution to less than the entire class of shareholders.

Wherefore, Defendant FDIC-Receiver requests the Court to dismiss the Complaint, with prejudice, and grant the FDIC-Receiver any and all other relief allowed by law.

Respectfully submitted,

Dated:  August 11, 2006

/s/ Bruce C. Taylor
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

Counsel for Federal Deposit Insurance Corporation,
as Receiver for The Benj. Franklin FS&LA