BEFORE THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE BENJ. FRANKLIN SHAREHOLDERS LITIGATION FUND, BY ITS SOLE TRUSTEE, DON S. WILLNER<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON<br><br>Defendant. | Civil Action No. 06-01025 (EGS) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANT FDIC'S MOTION TO CONSOLIDATE CASES

Plaintiff The Benj. Franklin Shareholders Litigation Fund ("Lit. Fund") hereby opposes the defendant FDIC's Motion to Consolidate Cases, filed on August 11, 2006, to the extent that the Motion seeks to consolidate three other pending actions with and into this action filed by the Lit. Fund. The plaintiff Lit. Fund takes no position on whether the other three identified cases (all seeking reasonable attorneys fees for tax-related work) should be consolidated with one another.

This memorandum will demonstrate that the Lit. Fund's action does *not* share common questions of law *or* common questions of fact with any of the three attorneys fee cases, making consolidation inappropriate under Fed. R. Civ. P. 42(a). Moreover, because the Lit. Fund's action addresses a legal issue with no disputed facts, the consolidation proposed by the defendant could well cause the Lit. Fund's case to be delayed because the other three cases do present

factual disputes, which, absent settlement, will likely require lengthy discovery and trial before those three cases can be resolved.

1. **There are no common questions of law.**

Fed. R. Civ. P. 42(a) permits the Court to consolidate multiple actions (or to "order a joint hearing or trial of any or all of the matters in issue in the actions") "[w]hen actions involving a common question of law or fact are pending before the court . . . ." The sole *question of law* in the Lit. Fund's case is whether the FDIC's receivership statutes or regulations provide for interest to be paid on the kind of administrative claim filed by the Lit. Fund with the FDIC in 2005. In 2006, the FDIC Receiver for Benj. Franklin Federal Savings and Loan Association in Portland, Oregon ("Benj. Franklin") approved the Lit. Fund's claim for the return of approximately $3 million collected by the Lit. Fund between 1990 and 2006 from Benj. Franklin shareholders. But the FDIC-Receiver denied interest on the same $3 million, stating:

> No interest is due on the Fund's claim because the most appropriate characterization of the Fund's claim is an administrative claim and, as such, no interest is authorized under the applicable priority of claim, formerly 12 CFR § 569c-11, now found at 12 CFR § 360.3. Under that priority of claim, only depositors and general creditors are entitled to interest, in the event of a surplus, and the Fund is neither a depositor nor a general creditor.

The FDIC-Receiver's 5/11/06 letter ruling at p. 1 (attached as Exhibit E to the Lit. Fund's Complaint).[1]

---

[1] Money in the Lit. Fund paid for shareholders' derivative litigation in the U.S. Court of Federal Claims (commenced in 1990 and still pending) as well as collateral litigation (commenced in 2002) in the U.S. District Court in Portland, Oregon, and the U.S. District Court for the District of Columbia. Upon receiving the FDIC's $3 million payment earlier this year, the Lit. Fund trustee immediately began distributing the money back to the shareholders who contributed to the Fund.

2

The three lawsuits seeking additional legal fees from the FDIC-Receiver do not involve construction of the above-cited regulations and do not involve the legality of interest payments by the FDIC-Receiver. Instead, the three attorneys fee cases seek to collect additional legal fees beyond the amounts that FDIC approved as reasonable in its administrative claims process, raising the issue for this Court of what is a reasonable fee for the services performed by each plaintiff law firm. There is no similar question in the Lit. Fund's claim for interest.

Moreover, each of the plaintiffs in the three attorneys fee cases received his own written ruling from the FDIC, identifying how much would be paid on his firm's attorneys fees claim. Each letter was different and each identified different reasons for denying additional fees to those plaintiffs. This is another reason that consolidation is not appropriate here. *See Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001) ("Consolidation is appropriate where, as here, the two cases involve review of the same underlying decision [by the U.S. Patent and Trademark Office]."); *Mylan Pharms. Inc. v. Henney,* 94 F. Supp.2d 36, 43 (D.D.C. 2000) (consolidation ordered for multiple challenges to the same FDA letter ruling), *vacated on other grounds, sub nom.*, 276 F.3d 627 (D.C. Cir. 2002).

Because of the differences between the Lit. Fund's action and the three attorneys fee actions, there is no legitimate concern here about "inconsistent results" occurring if the Lit. Fund's case is not consolidated with the others. *See, e.g., Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (if not consolidated, the construction litigation involving the same factual issues about defective condition could result in "inconsistent results").

Moreover, case law confirms that it is not sufficient that the defendant is the same in the cases. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235-36 (8th Cir. 1994) (reversing the

3

District Court's consolidation of two lawsuits against the same defendant because there were no common issues of law or fact and the District Court's desire to consolidate in order to resolve a legal issue involving only one plaintiff was inappropriate); *King v. Gen. Elec.*, 960 F.2d 617, 626 (7th Cir. 1992) (although the defendant was the same in both cases alleging employment discrimination, "because of the different allegations and time frames, the district court abused its discretion by consolidating these actions.") Of course, there are "different time frames" in the Lit. Fund's case as well because the Lit. Fund seeks interest from the time that shareholders first contributed money to the Lit. Fund in 1990 to the date that the principal was reimbursed in 2006. The three attorneys fee cases seek additional fees for legal work performed for a much shorter period of time and only for work that related to the disputed tax issues facing Benj. Franklin.

In *Natural Resources Defense Council v. Hughes*, 454 F. Supp. 148, 154-55 (D.D.C. 1978), the Court declined to consolidate two pending actions because one of them (labeled "*Berklund*") presented a single legal issue: "whether the [Interior] Secretary's duty to issue a 'preference right' lease to an otherwise qualified applicant was mandatory or discretionary." Although the other action (labeled "*Hughes*") also involved leasing, the issues to be determined were somewhat different and there were several of them. *Id.* at 155. Moreover, the Court found that its "disposition of *Hughes* will not predetermine the issue in *Berklund*. Accordingly, there is no 'common question of law or fact' which would support this Court's exercise of discretion to order a consolidation pursuant to F.R.C.P. 42(a)." *Id.* Applying the *Hughes* analysis here, the disposition of the Lit. Fund's action for interest on its $3 million principal will not assist in any way in disposing of the three attorneys fee cases. And the resolution of each plaintiff law firm's claim for fees will not assist in determining whether the Lit. Fund is entitled to the interest that it seeks.

2. **There are no common questions of fact.**

Although the same FDIC-Receiver for Benj. Franklin ruled on the administrative claims in each of the four cases identified in FDIC's motion to consolidate, this is simply background information that is not in dispute and it does not trigger common issues of fact. Moreover, the first two (of three) questions set out in FDIC's Motion at 5 (under the heading "Overarching Common Questions of Fact") do not relate to the Lit. Fund's claim, as revealed by the FDIC's Answer, which did not dispute the Lit. Fund's recitation of facts but simply disagreed about whether the Lit. Fund is legally entitled to interest. The third FDIC question is purely rhetorical: "Whether, in any case, the facts and circumstances justify the payment of additional funds from the receivership surplus over and above the amounts the plaintiffs have already received." FDIC Mot. at 5-6. The Lit. Fund's claim will be "justified" if it demonstrates a legal entitlement to interest. The three attorneys fee claims will be "justified" if those plaintiffs make several different factual and legal showings that are not at all similar or relevant to the Lit. Fund's case.

Although the FDIC's Motion to Consolidate asserts that the four cases all "involve the question of whether the requested additional payments are fair and reasonable," FDIC Mot. at 5, this also is *not correct* as to the Lit. Fund's case. The FDIC's denial of interest (quoted above at p. 2) was not based on fairness or reasonableness. And Paragraphs 19-21 of the Lit. Fund's Complaint make clear that the Lit. Fund seeks the same rate of interest calculated and paid by the FDIC for all other receivership claimants in the same factual scenario as the Lit. Fund. The FDIC's Answer to Paragraphs 19-21 reveals that FDIC agrees with this.

The facts here are in stark contrast to the only decision cited in the FDIC's motion, *Santucci v. Pignatello*, 188 F.2d 643 (D.C. Cir. 1951). FDIC Mot. at 2. In that case, the same

5

parties (a brother and sister) were the plaintiff and the defendant in the two cases that were consolidated. The brother filed the first action to set aside his deceased father's deed of real estate to the plaintiff's sister, and the brother filed the second action to challenge his father's will that devised more real estate to the same sister. The Court of Appeals affirmed the District Court's consolidation because "[c]ommon questions of law and fact" were present. The common question of law was whether the brother had standing to challenge the deed and the will, and the common question of fact was the father's "mental capacity." *Id.* at 644-45.

3. **The FDIC's "discovery" concerns do not apply to the Lit. Fund's case.**

In light of the FDIC's Answer filed in response to the Lit. Fund's claim, there is no need for discovery in this case other than the initial disclosures by the parties mandated by applicable rules. Indeed, the Lit. Fund plans to file a dispositive motion for summary judgment shortly after its counsel's first meeting with FDIC's counsel.

Although the defendant FDIC lists the names of eight possible fact witnesses (FDIC Mot. at 6-9), it would be entirely inappropriate to ask any of these witnesses whether interest should be paid to the Lit. Fund because this is the ultimate (and the only) legal issue for the Court in this case. The FDIC also suggests: (1) that certain large shareholders of Benj. Franklin might be asked in deposition whether they support the requests for relief in all four cases (FDIC Mot. at 6-8), and (2) that a majority of all the shareholders should eventually be asked to approve the proposed payments of any interest and any additional legal fees (FDIC Mot. at 9). But no FDIC statute or regulation requires shareholders' approval before the FDIC pays an administrative claim or before the Court orders FDIC to pay an additional claim proven by a plaintiff.

Further, the FDIC suggestion about polling shareholders is particularly inappropriate for the Lit. Fund's case because approximately two-thirds of the shareholders of Benj. Franklin contributed to the Lit. Fund and are, in fact, the intended beneficiaries of the Lit. Fund's action. These shareholders have already been reimbursed the $3 million principal amount that they contributed since 1990 – with no advance request to or approval by the shareholders of Benj. Franklin before the FDIC made that payment. Indeed, the FDIC made that decision on its own as its statute at 12 U.S.C. § 1821(d)(3) – (d)(10) clearly permits FDIC to do. And this Court may now order FDIC to pay more money to the Lit. Fund if the plaintiff prevails in this action. 12 U.S.C. § 1821(d)(6)(A). It is frivolous to suggest that the shareholders be polled to see if they approve the additional payment of interest to themselves.[2]

4. <u>**Consolidation should not be ordered due to the existence of a dispositive legal issue in the Lit. Fund's case.**</u>

The U.S. Court of Federal Claims' Rule 42(a) is identical to Fed. R. Civ. P. 42(a), and that Court has suggested that two inquiries be made to determine whether consolidation should

---

[2] Earlier this year, the Benj. Franklin shareholders were notified by the FDIC-Receiver about the proposed payment of a $50 million tax settlement payment to the IRS, which would resolve the tax-collection case captioned *United States v. FDIC*, Civil Action No. 02-1427 (EGS) (D.D.C). Both the FDIC and the non-party shareholders' counsel recommended that this Notice be sent because the proposed tax payment was more than half of the amount remaining in the Benj. Franklin receivership surplus (and the surplus would be paid to shareholders only after all claimants including IRS were satisfied). Following this Court's approval, the Notice was sent and the responding shareholders' views were presented to the Court at the fairness hearing held on May 2, 2006. However, there was no legal requirement for such a Notice and absolutely no legal requirement for a "majority vote" of the shareholders (as asserted, without authority, in the FDIC Mot. at 9). Moreover, this Court was not obliged to follow the majority views of the shareholders in any event (even though the great majority who responded to the Notice did express agreement with the proposed tax settlement). There is no reason to repeat such a cumbersome process for the modest request for interest set out in the Lit. Fund's Complaint. The Lit. Fund takes no position on whether the shareholders should be polled about additional legal fee payments.

7

be granted: (1) whether a common question of law or fact exists in both cases, and (2) whether considerations regarding "judicial economy" outweigh "the potential for delay, confusion, and prejudice that may result from the consolidation." *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 32 (2004). These steps were recently applied in *Lucent Technologies, Inc. v. United States*, 69 Fed. Cl. 512, 514-15 (2006) and two of three related cases were consolidated because of common questions of law and fact and the expectation of "judicial economies" to be achieved. However, the third case was not consolidated with them because:

> although in a broad sense [Case 3] and [Case 1] stem from the same series of transactions, [Case 3] and [Case 1] do not share common questions of law and fact sufficient to warrant consolidation under RCFC 42. Indeed, [Case 1] presents dispositive legal issues that are not present in [Case 3].

*Id.* at 515. In the four cases against the FDIC-Receiver for Benj. Franklin pending before this Court, only the Lit. Fund has a dispositive legal issue concerning entitlement to interest under FDIC statutes and regulations. The Lit. Fund action should not be consolidated with the cases that do not have the same dispositive legal issue.

5. **Consolidation will not avoid unnecessary costs and delays for the Lit. Fund's case.**

Other than discovery costs that are not relevant to the Lit. Fund, the only specific cost identified by FDIC that will allegedly be saved by consolidation is the cost required to create and send "one notice" rather than "multiple notices to several thousand shareholders." FDIC Mot. at 9. But as demonstrated above, there is neither a legal requirement nor a factual premise for such notice to be sent about paying interest on the shareholders' own contribution to the Lit. Fund.

Moreover, as set out above, it is the Lit. Fund that will likely be delayed in receiving consideration of its interest claim if the Lit. Fund's case is consolidated with the other three cases. Consolidation will not promote the efficient and timely resolution of the Lit. Fund's case, but will in fact have an unfair result for the Lit. Fund. *See Moore's Federal Practice*, § 42.10[4][a](3d Ed. 2006) ("Even though it is widely agreed that considerations of judicial economy favor consolidation, 'the benefits of efficiency can never be purchased at the cost of fairness.'" [quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)]).

6.  **Conclusion**

For all of the reasons set out above, the plaintiff Lit. Fund opposes the defendant FDIC's motion to consolidate the Lit. Fund's case with the three pending attorneys fee cases and recommends that the motion be denied as to the Lit. Fund. A proposed Order to deny the motion is submitted for the Court's consideration.

Date:  August 18, 2006                                    Respectfully submitted,

/s/ Rosemary Stewart
Rosemary Stewart
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, DC 20005
202-898-5888 – (Telephone)
202-682-1639 – (Fax)

Counsel to Plaintiff The Benj. Franklin Shareholders Litigation Fund

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to the Defendant FDIC's Motion to Consolidate Cases was served this 18th day of August 2006, by first class mail on the following:

1. Bruce C. Taylor, Esq.
   Federal Deposit Insurance Corporation
   Room VS-E7118
   550 17th Street, N.W.
   Washington, DC  20429

2. Jeremiah Collins, Esq.
   Bredhoff & Kaiser
   805 15th Street, N.W., Suite 1000
   Washington, D.C.  20005

3. Thomas Buchanan, Esq.
   Winston & Strawn
   1700 K Street, N.W.
   Washington, DC  20006

4. William F. Demarest, Esq.
   Blackwell, Sanders, Peper, Martin LLP
   750 17th Street, N.W. Suite 1000
   Washington, DC  20006

/s/ Rosemary Stewart