# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BENJ. FRANKLIN SHAREHOLDERS LITIGATION FUND, BY ITS SOLE TRUSTEE, DON S. WILLNER,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON,<br><br>          Defendant. | Civil Case No. 06-01025 (EGS) |

### REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE DEFENDANT FDIC'S MOTION TO CONSOLIDATE CASES

The Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), hereby replies to Plaintiff's Memorandum Of Points And Authorities In Opposition To The Defendant FDIC's Motion To Consolidate Cases filed August 18, 2006.[1]

This case and the three related attorney fee cases identified in the FDIC-Receiver's motion to consolidate, filed August 11, 2006, have common questions of law and fact more than sufficient to justify consolidation under Fed. R. Civ. P. 42(a).[2]

---

[1] The Plaintiff's opposition is referred to as "Pl. Opp." The Plaintiff is sometimes referred to as "the BFS Lit. Fund."

[2] For convenience, the other three related cases are *Winston & Strawn v. FDIC*, No. 1:06CV01120 (EGS); *Willner & Associates v. FDIC*, No. 1:06CV01227 (EGS); and *Blackwell Sanders Peper Martin v. FDIC*, No. 1:06CV01273 (EGS).

**The Primary Premise Of Plaintiff's Opposition Is Wrong**

Because the FDIC-Receiver cited 12 C.F.R. § 360.3 as the reason it disallowed the interest portion of the Plaintiff's proof of claim, the Plaintiff claims that this case may be decided on the sole legal question of whether or not the receivership distribution regulation bars the Plaintiff's request for relief.  Pl. Opp. at 2.  However, the Plaintiff is laboring under a false assumption.

While it is true that one of the FDIC-Receiver's defenses is based upon the receivership distribution regulation, it has raised several other defenses that bar the relief requested by the BFS Lit. Fund.  *See* FDIC's Answer at 8, 9.  The FDIC-Receiver is not limited to defending this case solely on the basis of the receivership distribution regulation.  This Court has held that 12 U.S.C. § 1821(d)(5)(A)(iv) "does not bar the FDIC from raising defenses other than those noted in letters of disallowance." *American Federation of State, County, and Municipal Employees (In re NBW Commercial Paper Litigation) v. FDIC*, 826 F. Supp 1448, 1472 (D.D.C. 1992).

The defenses raised in this case overlap with the defenses available in the attorney fee cases, as noted below.  Consequently, the Plaintiff's assumption that this case turns solely on one legal issue unique to this case is erroneous.

**The Cases Present Common Issues of Law and Fact**

This case and the related attorney fee cases have the following common elements that justify consolidation:

1. Common Genesis – This case and the attorney fee cases all relate to and arise from the settlement of the IRS tax claim against the receivership in *United States v. FDIC*, No. 1:02CV01427 (IRS Case).

2. Common Defendant – the FDIC, as Receiver for The Benj. Franklin FS&LA.

3. Common Mixed Questions of Law and Fact – It is not merely the fact that the cases arise from the settlement of the IRS Case and involve the same defendant that links them. Common questions of law and fact or mixed law and fact bind them together.

   In each case, the FDIC-Receiver has raised – or will raise – defenses common to all four cases, including satisfaction and lack of entitlement under prevailing common law principles.[3] In each case, the Court must decide whether the payments to the plaintiffs in conjunction with the settlement were fair and reasonable – as contemplated by the settlement – such that the plaintiffs are barred from additional recovery from the receivership surplus.[4]

   In each case, the Court must decide whether the plaintiff is entitled to additional payment from the receivership surplus under prevailing common law principles that govern the right to attorney fees and interest.[5] Subsumed in this issue are questions regarding the purpose and terms of any applicable contracts, the expectations of the plaintiffs with

---

[3] *See* FDIC's Answer at 8-9 in this case, *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025, and FDIC's Answer at 13 in *Winston & Strawn v. FDIC*, No. 1:06CV01120. Answers in the remaining two cases are not yet due.

[4] The Plaintiff states that its claim for interest is dissimilar to the claims by the plaintiff law firms in the attorney cases, because the attorney fee cases "seek to collect additional legal fees beyond the amounts that FDIC approved as reasonable in its administrative claims process, raising the issue for this Court of what is a reasonable fee for the services performed by each plaintiff law firm." Pl. Opp. at 3. However, while the plaintiffs in the attorney fee cases are seeking additional legal fees and the Plaintiff in this case is seeking interest, all the plaintiffs are seeking substantially the same thing, regardless of how it is labeled: additional payment beyond what the FDIC-Receiver considered reasonable under the settlement and applicable law. The requests for relief in all four cases arise from the settlement in the IRS Case and turn on whether the FDIC-Receiver has satisfied any obligations it had under the settlement or whether applicable law entitles the parties to additional payment from the receivership surplus either for legal fees or what amounts to interest on legal fees.

[5] Again, because the FDIC-Receiver is not limited in this case to the sole defense that the receivership distribution regulation bars the Plaintiff's claim in this case and, one or more of these questions applies equally to this case.

3

      respect to the recovery of fees and interest, and whether any contracts are binding on the entire class of shareholders and the FDIC-Receiver.

4. Common Witnesses – Richard Gill, Don Willner, Robert Suess, Rosemary Stewart, and possibly other major shareholders, all possess relevant information with respect to the claims in this case and the attorney fee cases.[6]

5. Judicial Economy – Consolidation almost certainly will tend to avoid unnecessary costs and delay. For instance, the Court has already ordered separate initial scheduling conferences in this case and the *Winston & Strawn* case and as things now stand will order separate initial scheduling conferences in the *Willner* and *Blackwell* cases. Consolidation would avoid the need for separate conferences and other duplicative proceedings.[7]

---

[6] The Plaintiff maintains that consolidation will delay a judgment in this case, because this case may be decided on summary judgment without extended discovery, while the attorney fee cases likely will require extended discovery. Pl. Opp. 1, 6. First, as noted, the Plaintiff's assumption that this case involves only the question of whether the BFS Lit. Fund is entitled to interest under the receivership distribution regulation is wrong. Second, the FDIC-Receiver is willing to work with the Court and the parties in this case and the attorney fee cases to limit and expedite discovery as the Court deems appropriate.

[7] The Plaintiff also dismisses as "frivolous" the FDIC-Receiver's suggestion that the Court may wish to send a single notice to all the shareholders before ruling on any of the related cases, because in this case it would entail asking the shareholders to agree to pay themselves. Pl. Opp. at 7. However, the underlying circumstances undercut the Plaintiff's position. While a majority of shareholders contributed something to the BFS Lit. Fund, not all shareholders contributed to the fund. In addition, most contributions were relatively small. In fact, the contributions of only four major shareholders account for $1.7 million – or about 57% - of the fund's total corpus of $3 million. These four shareholders have been – or will be – paid for their contributions, along with the other shareholders who contributed much smaller amounts. The BFS Lit. Fund is now requesting interest of between $1.5 and $3 million on the $3 million principal. The BFS Lit. Fund was established to protect the rights of all shareholders, and it based its request for reimbursement on the fact that the legal services paid for by the fund were for the good of all the shareholders. Thus, in conjunction with the settlement of the IRS Case, the FDIC-Receiver determined that it was reasonable and legally supportable to pay the $3 million principal amount of the contributions to the fund. The Plaintiff now seeks an additional payment that 1) is not supported by applicable law, and 2) will provide a substantial additional benefit to only a handful of major shareholders. Thus, the FDIC-Receiver opposes the Plaintiff's request for additional funds, and a majority of shareholders may agree with the FDIC-Receiver. Of course, the Court may determine that it can decide this case – and the attorney fee cases for that matter – without polling the shareholders. In such case, this issue will cease to be relevant. Even so, as noted, there are ample reasons to consolidate this case and the attorney fee cases.

The cases cited by the Plaintiff as support for non-consolidation of this case and the attorney fee cases serve only to reinforce the proposition that the Court has the discretion to consolidate cases if there are common questions of law or fact and to fashion orders that may tend to avoid unnecessary costs or delay. Despite Plaintiff's protestations to the contrary, this case and the attorney fee cases share common questions of law and fact and consolidation would avoid unnecessary costs and delay. The facts and law applicable to this case and the attorney fee cases clearly permit the Court to consolidate them.

Consolidation of this case and the attorney fee cases makes eminent sense and is well within the discretion of the Court.

## Conclusion

For the foregoing reasons, the FDIC-Receiver reiterates its request that this case and the attorney fee cases be consolidated.

Respectfully submitted,

Dated: August 23, 2006

/s/ Bruce C. Taylor
Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

Counsel for Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA