UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE BENJ. FRANKLIN
SHAREHOLDERS LITIGATION FUND,
BY ITS SOLE TRUSTEE,
DON S. WILLNER

      Plaintiff,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
THE BENJ. FRANKLIN FS&LA,
PORTLAND, OREGON

      Defendant.

Civil Case No. 06-01025 (EGS)

**JOINT REPORT OF THE PARTIES
OUTLINING PROPOSED DISCOVERY PLAN
AND PROPOSED SCHEDULING ORDER**

This Joint Report is being filed with the Court pursuant to Fed. R. Civ. P. 26(f) and D. D.C. Civ. R. 16.3 (hereafter "LCvR 16.3"). The initial conference of the parties in this case was held in a face-to-face meeting on September 18, 2006, by the plaintiff's counsel Rosemary Stewart and the defendant's counsel Bruce C. Taylor.

**I.   Brief Statement Of The Case**

The plaintiff believes that the defendant FDIC in its capacity as the Receiver for The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon (hereafter "FDIC-Receiver") should have paid interest on an administrative claim filed with the FDIC-Receiver by the plaintiff in 2005. Although the FDIC-Receiver granted plaintiff's claim for the payment of $3,067,159.77, which had been contributed to The Benj. Franklin Shareholders Litigation Fund

(hereafter "BFS Lit. Fund") by numerous shareholders between 1990 and 2006, the FDIC-Receiver denied interest on that amount. Because the plaintiff BFS Lit. Fund has exhausted its administrative remedies with the FDIC, it is entitled to a *de novo* review of its claim by this Court pursuant to 12 U.S.C. § 1821(d)(6).

The parties disagree about whether the applicable receivership regulation at 12 C.F.R. § 360.3 permits or prohibits such a payment of interest, and they intend to brief the history and use of this and other regulations and statutes concerning financial institution receiverships. The parties do not disagree about how interest would be calculated if the Court determines that it should be paid, although such calculations have not yet been made because they would be extremely time-consuming to complete in light of the fact that 4200 shareholders made contributions to the BFS Lit. Fund over 16 years. The parties estimate that the amount of interest at issue is between $800,000 and $2 million.

## II.     Agreements Reached By The Parties

At the September 18th conference, the parties' counsel discussed the subjects set forth in Fed. R. Civ. P. 26(f) and LCvR 16.3(c), and the following conclusions were reached (using the same 14 subjects as set forth in LCvR 16.3(c)):

1. This case is likely to be resolved by dispositive motion. The plaintiff intends to file its motion for summary judgment on or before November 30, 2006, after preliminary exchanges of discovery materials have taken place.

2. The parties do not expect to join other parties or to amend their pleadings. The parties anticipate few, if any, factual disputes and believe that their legal disputes can and will be narrowed in the summary judgment briefing.

3. The parties oppose assignment to a magistrate judge for any purpose.

4. There is no realistic possibility of settling this case.

5. The case likely would not benefit from ADR procedures.

6. The case is likely to be resolved by summary judgment, with the proposed dates for filing such motions, oppositions and replies set out in the proposed discovery plan described in Section III below.

7. The parties have agreed to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and have further agreed that they will need more than 14 days from the date of their Rule 26(f) conference to make these disclosures. Accordingly, the parties have agreed to exchange their initial disclosure materials on or before October 13, 2006.

8. The parties believe that discovery should be completed quickly in this case and have set out their agreed-upon dates for various discovery deadlines in Section III below, subject to the Court's approval of such dates.

9. If this case is not resolved by summary judgment, the parties will then comply with the requirements of Fed. R. Civ. P. 26(a)(2) regarding expert witness reports, information and depositions if either party intends to present expert testimony at trial.

10. This is not a class action.

11. The parties request no bifurcation of trial or discovery.

12. The parties request that the date for a pretrial conference not be set until all motions for summary judgment are resolved by the Court.

13. If trial is necessary, the parties prefer that the trial date be set at the pretrial conference to be held after all motions for summary judgment are resolved by the Court.

14. The parties request no other or special procedures for the scheduling or handling of this case.

III.    **Proposed Discovery Plan And Proposed Schedule For Proceedings**

With respect to the subjects on which discovery may be needed, the parties agreed that these include: (a) how the FDIC (or its predecessors RTC and FSLIC) handled requests for interest on claims made in earlier thrift receiverships that reported a surplus, either in practice or in written interpretations or opinions; (b) background information about the BFS Lit. Fund's creation, the identity of its contributors, and the amount and timing of all contributions made to the BFS Lit. Fund; and (c) any document to or from the BFS Lit. Fund trustee that addresses the payment of principal and/or interest to the contributors.

The parties have agreed, subject to the Court's approval, to the following dates for completing discovery and for the filing and briefing of motions for summary judgment:

- Initial disclosures required by Fed. R. Civ. P. 26(a)(1) – **By October 13, 2006.**
- Exchange of further discovery requests by the parties – **By October 13, 2006.**
- Production deadline in response to the October 2006 discovery requests – **By November 15, 2006.**
- The parties' joint stipulation of facts and statement of legal issues – **By November 24, 2006.**
- Plaintiff's motion for summary judgment – **By November 30, 2006.**
- Defendant's response and any cross-motion for summary judgment – **20 days after service of Plaintiff's motion.**
- Plaintiff's response/reply – **20 days after service of Defendant's response.**

– Defendant's reply (only if a cross-motion is filed) – **15 days after service of Plaintiff's response**.

The parties realize that their proposed briefing schedule for the motion(s) for summary judgment exceeds the time limitations set out in LCvR 7(b) and (d) for opposing memoranda and reply memoranda and therefore will require the Court's approval. Because these memoranda will address complex issues of regulatory construction and interpretation, the additional time requested by the parties is not excessive and will promote a better presentation of the issues and arguments to the Court.

A proposed order setting forth the same dates as set out above is being filed with this joint report for the Court's consideration and approval.

Dated: September 26, 2006

Respectfully submitted,

| | |
|---|---|
| \_\_\_\_/s/ Rosemary Stewart_____ | \_\_\_\_/s/ Bruce C. Taylor_____ |
| Rosemary Stewart | Bruce C. Taylor |
| Spriggs & Hollingsworth | Federal Deposit Insurance Corporation |
| 1350 I Street, N.W. | 550 17th Street NW |
| Washington, D.C. 20005 | Room VS-E7118 |
| (202) 898-5800 (Telephone) | Washington, DC  02429 |
| (202) 682-1639 (Facsimile) | (703) 562-2436 (Telephone) |
| D.C. Bar No. 204438 | (703) 562-2478 (Facsimile) |
| | |
| Counsel for Plaintiff | Counsel for the Defendant |
| The Benj. Franklin Shareholders | Federal Deposit Insurance Corporation, |
| Litigation Fund | as Receiver for The Benj. Franklin FS&LA |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BENJ. FRANKLIN SHAREHOLDERS LITIGATION FUND, BY ITS SOLE TRUSTEE, DON S. WILLNER<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON<br><br>Defendant. | Civil Case No. 06-01025 (EGS) |

## SCHEDULING ORDER

Having reviewed the Joint Report of the Parties in this case and having found appropriate and reasonable the parties' proposed schedule for completing preliminary discovery and for filing dispositive motions, IT IS ORDERED that the following schedule shall apply in this case until or unless it is altered by subsequent order of this Court:

- Initial disclosures required by Fed. R. Civ. P. 26(a)(1) – **By October 13, 2006.**

- Exchange of further discovery requests by the parties – **By October 13, 2006.**

- Production deadline in response to the October 2006 discovery requests – **By November 15, 2006.**

- The parties' joint stipulation of facts and statement of legal issues – **By November 24, 2006.**

- Plaintiff's motion for summary judgment – **By November 30, 2006.**

- Defendant's response and any cross-motion for summary judgment – **20 days after service of Plaintiff's motion.**

- Plaintiff's response/reply – **20 days after service of Defendant's response.**

- Defendant's reply (only if a cross-motion is filed) – **15 days after service of Plaintiff's response.**

Date: _____     _____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

The foregoing Order, if entered, should be sent to:

Rosemary Stewart
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, D.C. 20005

Bruce C. Taylor
FDIC
Room VS-E7118
550 17th Street, N.W.
Washington, D.C. 20429

426639v1