BEFORE THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                        )
THE BENJ. FRANKLIN                                      )
SHAREHOLDERS LITIGATION FUND,      )
BY ITS SOLE TRUSTEE, DON S. WILLNER  )
                                                                        )
      Plaintiff,                                              )   Civil Action No. 06-01025 (EGS)
                                                                        )
      v.                                                           )
                                                                        )
FEDERAL DEPOSIT INSURANCE CORPORATION )
AS RECEIVER FOR THE BENJ. FRANKLIN   )
FS&LA, PORTLAND, OREGON                    )
                                                                        )
      Defendant.                                          )
_____)


**PLAINTIFF'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS
TO ACCOMPANY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      Pursuant to the Rules of this Court at D.D.C. Civ. R 7(h) and 56, the Plaintiff hereby files its statement of material facts as to which the Plaintiff believes there is no genuine issue.  This statement of facts is relied upon in the accompanying Plaintiff's Motion for Summary Judgment filed this same day.

**BACKGROUND FACTS**

**The Plaintiff**

      1.      The Benj. Franklin Shareholders Litigation Fund (hereafter "BFS Lit. Fund") was created in 1990 shortly after The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon (hereafter "Benj. Franklin") was placed in federal receivership.  FDIC Answer ¶ 12; Plaintiff's Appendix (hereafter "Pl. App.") at 11, 25.

2.     Since its creation, the BFS Lit. Fund has served as the repository of cash contributions made by Benj. Franklin shareholders to fund litigation brought on behalf of Benj. Franklin and its shareholders.  FDIC Answer ¶ 12; Pl. App. at 25.

3.     Don S. Willner, an attorney who practices law in the states of Oregon and Washington, became the sole trustee of the BFS Lit. Fund upon its creation in 1990 and has continued to serve as the Lit. Fund's trustee to the present date.  FDIC Answer ¶ 11; Pl. App. at 24-25.  Mr. Willner has also served as the attorney of record in shareholder derivative actions and motions filed on behalf of Benj. Franklin in the U.S. Court of Federal Claims, the U.S. District Court in Portland, Oregon, and the U.S. District Court for the District of Columbia.  Pl. App. at 13-16, 24-25.

4.     Approximately 4200 shareholders of Benj. Franklin contributed money to the BFS Lit. Fund between 1990 and May 2006, which contributions totalled $3,067,159.77 as of May 24, 2006.  FDIC Answer ¶¶ 6, 13; Pl. App. at 25.

**The Defendant**

5.     The Defendant Federal Deposit Insurance Corporation ("FDIC") was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities, including as a receiver for savings associations and banks.  FDIC Answer ¶ 14.  The FDIC currently serves as the receiver for Benj. Franklin.  *Id.*  The original receiver of Benj. Franklin, beginning in 1990, was the Resolution Trust Corporation, which the FDIC succeeded by operation of law at the end of 1995.  *Id.*

**The Receivership Surplus**

6.     As of the spring of 2006, the Benj. Franklin receivership reported a surplus in the amount of approximately $94 million, although an alleged tax liability was claimed by the IRS against the receivership for approximately $1.2 billion.  FDIC Answer ¶ 15.

7.     On May 2, 2006, this Court approved the settlement of the alleged tax liability of the Benj. Franklin receivership for a payment of $50 million to the IRS, leaving an approximately $44 million surplus in the receivership.  FDIC Answer ¶ 16.

8.     The FDIC's receivership regulations include 12 C.F.R. § 360.3, which applies to thrift receiverships established on or before August 10, 1993, making it applicable to the Benj. Franklin receivership.  FDIC Answer ¶ 17.  The regulation describes the "priorities" for "unsecured claims against an association or the receiver" if the receivership has a sufficient surplus to pay some or all of such claims.  FDIC Answer ¶ 17; 12 C.F.R. § 360.3 (2006).

9.     The surplus in the Benj. Franklin receivership is sufficient to pay the BFS Lit. Fund's claim for interest, which is the subject of this litigation.  Pl. App. at 12, 25-26.

10.    In the Benj. Franklin receivership, the FDIC Receiver has previously paid post-insolvency interest to the depositor class of claimants, including both uninsured depositors and FDIC as the subrogee of the insured depositors, as well as paying post-insolvency interest to general trade creditors.  Pl. App. at 35.  FDIC also has paid post-insolvency interest in *other* bank and thrift receiverships that have had sufficient surpluses to enable such payments to be made.  Pl. App. at 35-38.

3

**The Origin of the Plaintiff's Claim for Interest**

11.     Between 2002 and 2005, representatives of the FDIC, the Tax Division of the U.S. Department of Justice, the IRS, and several attorneys representing Benj. Franklin shareholders, including Don S. Willner, worked together in an effort to reach a settlement concerning the alleged tax liability of the Benj. Franklin receivership.  Pl. App. at 13n.5, 15-16, 24-25.  Mr. Willner had been invited by the FDIC to participate in these discussions.  *Id.*

12.     On November 8, 2004, Mr. Willner wrote a letter to FDIC setting out points of agreement that had been reached between the FDIC and Mr. Willner in his capacity as the attorney of record in the Benj. Franklin shareholder derivative litigation described in Paragraph 3 above.  Pl. App. at 29-30.  In his reply dated November 9, 2004, the FDIC's Senior Counsel Robert G. Clark concurred with Mr. Willner's November 8, 2004 letter.  Pl. App. at 31.

13.     The letter agreement between Mr. Willner and the FDIC stated that it memorialized certain understandings "relative to our mutual efforts to settle outstanding lawsuits."  Pl. App. at 29.  The agreed-upon matters included how the Benj. Franklin shareholders would be notified about a final proposal to settle the IRS tax claim and how a fairness hearing would be requested from the Court to give shareholders an opportunity to respond to the proposed tax settlement.  Pl. App. at 29.

14.     The letter agreement also set out the procedure that would be followed to make distributions from the receivership surplus "before a partial distribution is made to all Benj. Franklin shareholders."  Pl. App. at 29-30 ¶ 5.  Such distributions were to include the tax payment to the IRS (*id.* at ¶5(a)) and the payment of "reasonable fees and expenses of

4

shareholders' counsel and consultants . . ." related to their work on the tax issues. Pl. App. at 30 ¶ 5(c).

15. The same letter agreement also stated that FDIC and the Benj. Franklin shareholders represented by Mr. Willner would recommend the following distribution from the Benj. Franklin receivership surplus:

> A distribution to the Benj. Franklin Shareholders Litigation Fund [ ] to reimburse all contributions to that fund. (This is approximately $3 million of contributions by about 4,200 shareholders . . . .) This matter will be handled as a claim and will be determined through the receivership process. The Litigation Fund will submit its claim in the near future. *Interest will be determined under the applicable provisions of the receivership priority system;*

Pl. App. at 30 ¶ 5(b) (emphasis added).

16. In accordance with the letter agreement, the BFS Lit. Fund filed its receivership claim in 2005 for a reimbursement of all shareholder contributions made to the Fund and for interest on that amount. FDIC Answer ¶ 2. A copy of the BFS Lit. Fund's claim is attached as Exhibit A to its Complaint.

**The FDIC's Actions on the BFS Lit. Fund's Claims**

17. By letter dated May 24, 2006, the FDIC-Receiver allowed the BFS Lit. Fund's claim for the principal amount of all shareholder contributions made to the Fund in the amount of $3,067,159.77 and sent a check in that amount to the BFS Lit. Fund's Trustee. Pl. App. at 33-34; FDIC Answer ¶ 6.

18.     By letter dated May 11, 2006, the FDIC-Receiver disallowed the BFS Lit. Fund's claim for interest on the $3,067,159.77 of principal, stating the following as FDIC's reason for the disallowance:

> No interest is due on the Fund's claim because the most appropriate characterization of the Fund's claim is as an administrative claim and, as such, no interest is authorized under the applicable priority of claim, formerly 12 CFR § 569c-11, now found at 12 CFR § 360.3. Under that priority of claim, only depositors and general creditors are entitled to interest, in the event of a surplus, and the fund is neither a depositor nor a general creditor.

Pl. App. at 32; FDIC Answer ¶ 8 (second sentence).

19.     The FDIC-Receiver's May 11, 2006 letter also stated:

> Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.

Pl. App. at 32 (second paragraph).

20.     The BFS Lit. Fund timely filed suit in this Court by filing its Complaint on June 2, 2006 and this Court has jurisdiction and venue to hear and resolve this dispute. FDIC Answer ¶¶ 9-10.

**The Amount of Interest Sought**

21.     The parties have agreed that, if the Court orders that interest should be paid, it should be calculated based on the timing of the contributions to the BFS Lit. Fund and at the same rate of interest paid on 90-day U.S. Treasury bills (as adjusted monthly), which is the rate

set out in 12 C.F.R. § 360.7 (2006). FDIC Answer ¶ 20 (first sentence). These calculations have not yet been made.

Date:   November 30, 2006                              Respectfully submitted,

/s/
Rosemary Stewart
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, DC 20005
202-898-5888 – (Telephone)
202-682-1639 – (Fax)
D.C. Bar No. 204438

Counsel for Plaintiff The Benj. Franklin Shareholders Litigation Fund

428719v1